UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -1  P 3: 18

U.S. DISTRICT COURT
DISTRICT OF MASS.

| DEBORAH A. WEINBERGER, Plaintiff | |
|---|---|
| v. | |
| ARNE OJALA and DOWN CAPE ENGINEERING, INC., Defendants | C.A. NO. 04CV10731RWZ |

## DEFENDANTS ARNE OJALA
## And DOWN CAPE ENGINEERING, INC.'S
## ANSWER to PLAINTIFFS' COMPLAINT

Now come the Defendants, Arne Ojala and Down Cape Engineering, Inc., by and through their attorney, and answer the Plaintiff's Complaint as follows:

### INTRODUCTORY STATEMENT

1. The Defendants deny all allegations against them contained in paragraph 1 of the Plaintiff's Complaint.

### JURISDICTION AND VENUE

2. The Defendants deny the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3. The Defendants admit the allegations contained in paragraph 3 of the Plaintiff's Complaint.

### PARTIES

4. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. The Defendants deny the allegations contained in the first sentence of paragraph 5 of the Plaintiff's Complaint. The TCB Defendants admit the remaining allegations of Paragraph 5.

6. The Defendants admit the allegations contained in paragraph 6 of the Plaintiff's Complaint.

Page Two

COMMON FACTUAL ALLEGATIONS

7. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9. The Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. The Defendants answer paragraph 10 of the Plaintiff's Complaint by stating that the statute referenced therein speaks for itself.

11. The Defendants answer Paragraph 11 of the Plaintiff's Complaint by stating that the assertions contained therein are conclusory in nature and require no answer; to the extent the assertions contained therein are deemed to require an answer, the defendants deny the same.

12. The Defendants admit the allegations contained in the first sentence of paragraph 12 of the Plaintiff's Complaint. The Defendants deny the remaining allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. The Defendants deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. The Defendants admit the allegations contained in the first two sentences of paragraph 14 of the Complaint. The Defendants further respond that the document attached as Exhibit "B" speaks for itself.

15. The Defendants are without information or knowledge sufficient to form a belief as to the allegations of paragraph 15 of the Plaintiff's Complaint.

16. The Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17. The Defendants admit the allegations contained in the first two sentences of paragraph 17 of the Complaint. The Defendants further respond that the document attached as Exhibit "C" speaks for itself.

18. The Defendants deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19. The Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

**Page Three**

20. The Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21. The Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22. The Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

## COUNT I
### (Breach of Contract)

23. The Defendants repeat and incorporate, as if fully set forth herein, their answers to paragraphs 1 through 22 of the Plaintiff's Complaint.

24. The Defendants deny the allegations contained in paragraph 24 of Count I of the Plaintiff's Complaint.

25. The Defendants deny the allegations contained in paragraph 25 of Count I of the Plaintiff's Complaint.

## COUNT II
### (Negligence/Professional Malpractice)

26. The Defendants repeat and incorporate, as if fully set forth herein, their answers to paragraphs 1 through 25 of the Plaintiff's Complaint.

27. The Defendants admit the allegations contained in paragraph 27 of Count II of the Plaintiff's Complaint.

28. The Defendants deny the allegations contained in paragraph 28 of Count II of the Plaintiff's Complaint.

## COUNT III
### (Violation of Massachusetts Consumer Protection Statute G.L. Chapter 93A)

29. The Defendants repeat and incorporate, as if fully set forth herein, their answers to paragraphs 1 through 28 of the Plaintiff's Complaint.

30. The Defendants admit the allegations contained in paragraph 30 of Count III of the Plaintiff's Complaint.

31. The Defendants deny the allegations contained in paragraph 31 of Count III of the Plaintiff's Complaint.

Page Four

32. The Defendants deny the allegations contained in paragraph 32 of Count III of the Plaintiff's Complaint.

33. The Defendants deny the allegations contained in paragraph 33 of Count III of the Plaintiff's Complaint.

34. The Defendants deny the allegations contained in paragraph 34 of Count III of the Plaintiff's Complaint.

35. The Defendants deny the allegations contained in paragraph 35 of Count III of the Plaintiff's Complaint.

36. The Defendants deny the allegations contained in paragraph 36 of Count III of the Plaintiff's Complaint.

In further answering the Plaintiff's Complaint, the Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Defendants assert that the Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendants assert that, if the Plaintiff suffered damages as alleged, said damages resulted from the acts or conduct of a person or persons for whose action or conduct the Defendants were not responsible, had no knowledge of, and had no control over.

### THIRD AFFIRMATIVE DEFENSE

The Defendants assert that, if the Plaintiff suffered damages as alleged, said damages were caused by the intervening act or acts or omissions of parties other than the Defendants.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants assert that this action was not timely filed and is therefore barred by the statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants assert that the negligence of the Plaintiff contributed to the cause of her

Page Five

damages and, therefore, her recovery, if any, must be reduced.

WHEREFORE, the Defendants request that this Court:

1. enter judgment in favor of the Defendants on all counts of the Complaint;

2. award the Defendants their reasonable costs, including Attorney's fees; and

3. award the Defendants such other and further relief as it deems proper and just.

**DEFENDANTS DEMANDS A TRIAL BY JURY ON ALL COUNTS OF THE COMPLAINT**

Respectfully submitted,
DEFENDANTS, ARNE OJALA AND
DOWN CAPE ENGINEERING, INC.,
By their Attorney,

_____
Brian J. McMenimen, BBO # 338840
BURKE & McMENIMEN, P.C.
35 India Street, Third Floor
Boston, MA 02110
(617) 292-2300

Dated: 5/27/04

## CERTIFICATE OF SERVICE

I, Brian J. McMenimen, do hereby certify that I have this day sent copies of the within documents, postage prepaid, to:

Jerry C. Effren, Esq.
Law Offices of Jerry C. Effren
25 West Union Street
Ashland, MA 01721

Dated: 5/27/04

Brian J. McMenimen