UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10731RWZ

| | |
|---|---|
| DEBORAH A. WEINBERGER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ARNE OJALA and DOWN CAPE | ) |
| ENGINEERING, INC. | ) |
| | ) |
| Defendants | ) |

## PLAINTIFF DEBORAH A. WEINBERGER'S SECOND MOTION TO COMPEL DISCOVERY

Now comes Plaintiff, Deborah A. Weinberger ("Plaintiff"), and moves this Court to compel Defendants Arne Ojala and Down Cape Engineering, Inc. (collectively, "Defendants") to serve Defendant's their written expert disclosures that should have been served, according to the Scheduling Order in this action, by October 15, 2004. In support thereof, Plaintiff states as follows:

1. Defendant's committed professional malpractice for failing to file a definitive subdivision plan in time to preserve the pre-existing minimum bulk measurement requirements increased under the Town of Barnstable Zoning Ordinance. As a consequence, Plaintiff is barred from subdividing her three and a half acre ocean-front property located in Cotuit, Massachusetts from two into three lots. Plaintiff's damages are, in large part, are the difference between the value her land in its proposed, three-lot configuration and its value in its present configuration.

2. Plaintiff has made her expert disclosure: a licensed real estate appraiser and his appraisal of the value of the property in its present configuration and its value as a three-lot subdivision. Defendants have indicated they intend to rebut Plaintiff's real estate appraisal with their own expert appraiser. Plaintiffs agreed to allow Defendant's expert access to Plaintiff's property any time on twenty-four hours notice and without the necessity of any formality. Plaintiffs have yet to hear from Defendants as to a date for the expert to view the property.

3. The Scheduling Order in this action required the Defendants to serve their written expert disclosures by October 15, 2004.

4. Defendants have not served their written expert disclosures.

5. Previously, Defendants were non-compliant with deadlines for written discovery, forcing Plaintiff to file a Motion to Compel. Defendants only served their discovery responses the fourteenth day past the date of service of the Motion.

6. The case is on a short Schedule of litigation events. The deadline for service of responses to written discovery has already expired and depositions are to be concluded by December 18, 2004. Defendants are not adhering to the event completion deadlines.

7. Defendants' failure to respond to disclose their expert has prejudiced Plaintiff's ability to fairly prosecute this litigation. Defendant's have been on

notice of Plaintiff's claims for several years and knew of their need to appraise the value of Plaintiff's property.[1] Defendant's delay is inexcusable.

8. On November 10, 2004 at approximately 10:30 a.m., counsel for Plaintiff engaged in a discovery with counsel for Defendants, by phone, lasting approximately five minutes, concerning this discovery issue. At the time, Defendant's counsel still did not even have a date for his expert to view Plaintiff's property.

**WHEREFORE,** Plaintiff prays that this Court:

1. bar Plaintiff's from using expert testimony at trial;
2. in the event the Court does not wish to bar Plaintiff's from offering expert testimony at trial, compel Defendant's to disclose their expert(s) within five days of the Court's order or be barred from offering expert testimony at trial;
3. allow Plaintiff to take the depositions of Defendants expert(s) past the date in the Scheduling Order for the completion of discovery;
4. award Plaintiff's her costs and fees incurred in bringing this Motion; and
5. issue such other and further relief as the Court deems appropriate and just.

I, Jerry C. Effren, counsel for Plaintiff, certify compliance with Local Rule 37.1:

_____
Jerry C. Effren

CERTIFICATE

Respectfully submitted,

Plaintiff, Deborah A. Weinberger
By her attorney:

Date: 11/10/04

---

[1] In September, 2003, a third party sued Defendant's in this Court, Powers v. Ojala and Down Cape Engineering, Inc., C.A. No. 03CV11838RWZ, for the same negligence: failure to file a definitive plan in time to insulate the plaintiffs' property from an increase in minimum bulk area requirements under the Town of Barnstable zoning ordinance.

_____
Jerry C. Effren, BBO# 151580
Law Offices of Jerry C. Effren
25 West Union Street
Ashland, MA 01721
(508/881-4950)

F:\Data\WORD\W\Weinberger\Deborah\PLEADINGS\RPD 04-08-20.doc